UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

July 22, 2010

Charles A. Neely, Jr.
29649-050
FMC DEVENS
Ayers, MA 01434
    *(Pro Se Petitioner)*

Maureen Nakly
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
    *(Attorney for Respondent United States of America)*

    Re:    *Charles A. Neely, Jr.  v. United States of America*
            Civil Action No. 09-5831

Dear Litigants:

    This matter comes before the Court on the petition of *pro se* prisoner Charles A. Neely, Jr. ("Neely" or "Petitioner") to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255.  Additionally, he seeks appointment of pro bono counsel.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the petition is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

1

## I.     BACKGROUND

Petitioner entered into a written plea agreement (the "Plea Agreement") with the United States Attorney's Office for the District of New Jersey (the "U.S. Attorney's Office" or the "Government") on August 26, 2008.  Under the terms of the Plea Agreement, the Government permitted Neely to plead guilty to conspiracy to commit mail fraud, mail fraud, and tax evasion.  (Plea Agreement at 1).  The agreement also stated that the total Guidelines offense level applicable to Petitioner's case would be 25, corresponding to 57- 71 months' incarceration, and that any sentence within that range would be deemed reasonable.  (*Id*. at 11).  Finally, Petitioner agreed to waive his right to file an appeal or post-conviction challenge provided his sentence fell within or below that range.  (*Id*.).

Consistent with the terms of the plea agreement, Neely pled guilty before Magistrate Judge Patty Shwartz[1] on November 8, 2008 to a three-count information charging him with (1) conspiracy to commit mail fraud in violation of 18 U.S.C. §371 (Count 1); (2) mail fraud in violation of 18 U.S.C. §1341 (Count 2); and (3) tax evasion in violation of 26 U.S.C. §7201 (Count 3).  (*See* Transcript of Plea Hearing (Nov. 6, 2008) ("Plea Hearing Trans.") at 43-44).  Judge Shwartz questioned Neely at the hearing and concluded that his entry into the plea agreement was knowing and voluntary.  (Plea Hearing Trans. at 44-45).  After the hearing, Judge Shwartz entered a Report and Recommendation stating her findings and conclusions.  (Report & Recommendation (Nov. 6, 2008) ("Report") at 2).  This Court adopted the Report and accepted the entry of Neely's plea shortly thereafter.  (*See* Order Adopting Report & Recommendation (Nov. 19, 2008) ("Nov. 19, 2008 Order")).

Petitioner's sentencing was held before District Judge William J. Martini on April 15, 2009.  Finding that the Petitioner's health was "in extremis" but that a term of imprisonment was appropriate, the Court sentenced Petitioner to 20 months' incarceration, to be followed by three years' supervised release.  (*See* Transcript of Sentencing Hearing (April 15, 2009) ("Sent. Hearing Trans.") at 62-65).  On November 16, 2009, Neely filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  (Petitioner's initial §2255 petition (November 16, 2009) (the "Initial Petition")).  On November 18, 2009, the Court advised Neely of his rights under *United States. v. Miller*, 197 F.3d 644 (3d Cir. 1999).  Neely responded by filing an amended § 2255 petition (the "Amended Petition") on January 7, 2010, which corrected Petitioner's prisoner number and added an additional ground for consideration.[2]  (*See* Petitioner's amended petition).  Presently before the Court is Petitioner's amended petition for relief pursuant to § 2255.

---

[1] Magistrate Judge Shwartz presided over the plea hearing with the consent of the parties.
[2] Although Neely's amended petition was technically received and docketed by the Court two days after the expiry of the 45 day deadline mandated by *Miller*, the document itself is dated December 20, 2009, several days before the deadline.  For this reason, and because Petition is pro se and a prisoner, the Court will treat his amended document as timely.

## II.   ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody serving a sentence imposed by a federal court may move the court that imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255.  However, the statute does not afford a remedy for all errors that may have been made at trial or at sentencing.  *See United States v. Addonizio*, 442 U.S. 178 (1979).  Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A prisoner can challenge his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Neely raises three arguments in support of his petition for relief: (1) "prosecution misconduct;" (2) ineffective assistance of counsel; and (3) substandard medical treatment received at the prison, leading to the further deterioration of his health.  The Government opposes these challenges and also raises the issue of waiver, which should be addressed at the outset.

### A.   PROCEDURAL ARGUMENTS
#### 1.   Waiver of Petitioner's Right to Appeal or File a Collateral Attack

In his plea agreement dated August 26, 2008, Petitioner agreed to waive his right to file an appeal, collateral attack, writ or motion after sentencing, including a §2255 motion, if his sentence fell within or below the Guidelines range resulting from an offense level of 25, corresponding to 57 to 71 months incarceration. (Plea Agreement at 11).  Petitioner was sentenced to 20 months, which is far below that range.  Therefore, Petitioner's right to file a § 2255 motion has been waived.

The Third Circuit has ruled that the waiver of the right to file an appeal or collateral attack is enforceable provided it was knowing and voluntary.  *See United States v. Khattak*, 273 F.3d 557, 561-62 (3d Cir. 2001); *see also United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).  When determining whether a waiver was knowing and voluntary, the findings of the judge who presided over the plea hearing are critical.  *See Gwinnett*, 483 F.3d at 203 (upholding waiver as valid when the sentencing judge, in accordance with Fed. R. Civ. P. 11, questioned the defendant at his plea hearing and concluded that he understood the terms of his plea agreement and was entering into it voluntarily).

Here, Magistrate Judge Shwartz questioned Neely at length during the plea hearing to confirm he understood that his entry into the plea agreement would result in the waiver of certain rights. (Plea Hearing Trans. at 18-29).  Magistrate Judge Shwartz stated, "With the presence of this paragraph you have given up that right to file an appeal, the government's given it up, and you've given up your right to file a Post-Conviction Challenge."  (*Id*. at 29).  She also confirmed that he had discussed these ramifications with his attorney by asking him, "Have you had enough time to speak to your attorneys

about this issue of appeal and giving up your right to appeal under the limited circumstances in your respective agreements?" to which Neely answered affirmatively. (*Id*.). At the conclusion of the hearing, Magistrate Judge Shwartz stated that she was satisfied that Neely was "clearly competent and capable of entering an informed guilty plea" and that the "waiver of the right to appeal and to file a post-conviction challenge and the plea was free, knowing, and voluntary." (*Id*. at 45). Based on the record, it is clear that Petitioner's waiver of the right to appeal was knowing and voluntary. Moreover, Neely does not raise any facts to the contrary. Therefore, he has waived his right to file a collateral attack and his § 2255 motion is barred in its entirety.

### 2. Procedural Default

Even if the Court saw fit to look beyond Petitioner's waiver contained in the plea agreement, the argument related to "prosecution misconduct" would nevertheless be barred due to procedural default this is the first time he has raised the issue. In most circumstances, the doctrine of procedural default prohibits a party from raising an argument on collateral review that was not previously raised at trial or on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-168 (1982) (stating that in general, claims not raised on direct appeal cannot be raised for the first time on collateral review). An exception to this rule exists only if a petitioner can demonstrate (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains.[3] *Id*. Petitioner has not alleged cause or prejudice, nor could he. Given that the sentence he ultimately received, 20 months, was far shorter than the 57 to 71 month range he agreed was reasonable, he has suffered no harm due to alleged prosecution misconduct. *See United States v. Lopez*, 526 F.3d 1128, 1128-1129 (8th Cir. 2008) (stating that a defendant cannot appeal a sentence that falls within a range he agreed was "reasonable"); *see also United States v. Parker*, 874 F.2d 174, 177-178 (3d Cir. 1989). Petitioner cannot satisfy the test to set aside his procedural default and therefore his claim must be denied.

### B. SUBSTANTIVE ARGUMENTS

Because Petitioner's arguments are clearly procedurally barred, the Court need not reach the merits of his claims. However, even if the Court were to consider Petitioner's substantive arguments, they are unavailing and must be denied.

### 1. Prosecution Misconduct Claim

Neely alleges that the prosecution and the presentence investigator behaved improperly by failing to convey the severity of Petitioner's medical condition to the Court. (Amended Petition at 5). However, this claim is plainly not cognizable under §

---

[3] Procedural default applies only to Petitioner's claim of prosecution misconduct. It does not apply to his ineffective assistance of counsel claim, because the Supreme Court has explicitly held that ineffective assistance of counsel claims are most appropriately raised for the first time on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). It also does not apply to his conditions of confinement claim, because as will be demonstrated below, that claim is not cognizable under § 2255.

2255.  Relief pursuant to § 2255 is available only when a constitutional concern is implicated, the Court lacks jurisdiction, or the sentence imposed was more than that permitted by law.  28 U.S.C. §2255.  Petitioner does not raise any of these grounds for relief.  Rather, Petitioner seeks a post-sentencing discretionary reduction in his sentence.  This is simply not available under § 2255.  *See United States v. Veshio*, 2008 WL 474272, at *2 (W.D. Pa. Feb. 20, 2008).

Moreover, Petitioner's allegations are not supported by the record.  The Presentence Report (the "PSR") indicates that the Probation Officer conducted an extensive inquiry into the scope and extent of Petitioner's mental and physical health.  (*See* PSR ¶¶ 107-125).  Because these findings were contained in the PSR, they were clearly presented to the Court.  In addition, despite Petitioner's assertions to the contrary, the U.S. Attorney did not, at any time during the sentencing hearing or in the Government's sentencing memorandum, opine as to the future stability of Petitioner's health.

Finally, irrespective of any alleged misconduct, it is apparent that the Court knew about Petitioner's health issues and indeed drew heavily upon them when rendering its sentencing decision.  (Sent. Hearing Trans. at 62-65).  Indeed, the Court took into account Neely's "acute debilitating conditions" and the fact that as a result of his illnesses, he would likely suffer more than "the normal inconvenience and danger" while incarcerated when deciding to issue a sentence that was substantially shorter than that agreed to as reasonable in the plea agreement.  (*Id*. at 64).  It is therefore clear that whatever counsel's behavior, Neely was not prejudiced in the sentencing process.  For all of these reasons, Petitioner's claim of prosecution misconduct is unavailing and must be denied.

### 2.     Ineffective Assistance of Counsel Claim

Petitioner next argues that his counsel was ineffective for failing to "expose the severity" of his health issues to the Court.  (*See* Petitioner's January 7, 2010 letter).  To succeed on an ineffective assistance of counsel claim, a party must satisfy the two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. (1984).  Under that test, a petitioner must demonstrate (1) that his counsel's performance was so deficient that it fell below the Sixth Amendment's guaranty of a right to counsel, and (2) prejudice, which requires a showing that but for the deficient performance, the outcome of the proceeding would have been different.  *Id.* at 668.

Here, Petitioner cannot demonstrate deficient performance, because contrary to his assertions, his counsel described his physical and mental conditions to the Court at great length and in detail.  (Sent. Hearing Trans. at 41-43).  Indeed, counsel stated in open court that his client was "an extremely sick human being" who "lives in a debilitated state 24 hours  a day," suffering from kidney failure and coronary artery disease.  (*Id*.) Therefore, his attorney did precisely what Petitioner argues he did not do.  Moreover, Petitioner cannot demonstrate harm, because even if his counsel had not described his health conditions to the court, the Court clearly was aware of them and took them into account when rendering the sentencing decision as described above.  (*Id*. at 62-65).

5

Therefore, regardless of how the Court came to learn about Petitioner's ailments, the sentencing judge knew about his condition and took it into account, such that Petitioner suffered no harm. Petitioner's ineffective assistance of counsel claim thus clearly fails.

### 3. Physical and Mental Health Deterioration Claim

Petitioner's third claim is that the Bureau of Prisons misdiagnosed his condition, prescribing him medication to which he had an adverse reaction and failing to give him his daily dialysis. (Amended Petition at 5). Whether or not these allegations are supported in fact, this claim clearly challenges the conditions of Petitioner's confinement and not the fact or legality of his sentence. As such, the claim is plainly not cognizable under §2255.

The proper means for imposing liability following the deprivation of rights, privileges, or immunities secured by the Constitution and laws is a civil rights action pursuant to 42 U.S.C. § 1983. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Therefore, Petitioner's claim must be dismissed in its current format but he could properly bring the claim in a § 1983 case if he saw fit.

### C. REQUEST FOR PRO BONO COUNSEL

Petitioner has requested the appointment of pro bono counsel. However, courts considering whether to appoint pro bono counsel must first determine whether or not the underlying claims have merit in fact and in law. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). If the Court finds that the moving party's claims lack merit, pro bono counsel is not warranted. *Id*.; *Tabron v. Grace*, 6 F.3d 147, 155, 158 (3d Cir. 1993). Because the Court sees fit to deny Petitioner's § 2255 claims, his request for counsel must also be denied.

## III. CONCLUSION

For the reasons stated above, Neely's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the petition is **DISMISSED WITH PREJUDICE**. His request for pro bono counsel is also **DENIED** and **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**